IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALAINA VILLA, | § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO.4:19-cv-4129 |
| TARGET CORPORATION AND ELAINE SWAIN | § § § | **JURY** |
| Defendant. | § § | |

## **NOTICE OF REMOVAL AND IMPROPER JOINDER**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendants Target Corporation and Elaine Swain, ("Defendants") hereby file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removing the above-captioned case to the United States District Court for the Southern District of Texas, Houston Division. The grounds for removal are as follows:

### **I. Introduction**

1. Plaintiff Alaina Villa ("Plaintiff" or "Villa"), at the time this action was commenced, was, and still is, a resident and a citizen of Texas.

2. Target, at the time this action was commenced, was, and still is, a resident and a citizen of Minnesota.

3. Elaine Swain at the time this action was commenced, was, and still is, a resident and a citizen of Texas. However, the Court should not consider the citizenship of Ms. Swain because Plaintiff has no basis of recovery against her, and instead sued her solely for the purposes of defeating diversity jurisdiction. *See Salazar v. Allstate Texas Lloyd's Inc.,* 455 F.3d

1

571, 574 (5th Cir. 2006) ("federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly-joined nondiverse and/or in-state defendant."); *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2003). Please see below for further explanation.

4. Plaintiff claims that on or about July 19, 2018, Target employee Elaine Swain, while acting in her course and scope of employment as the Executive Team Leader - Assets Protection, made false statements to a police officer regarding Plaintiff's alleged involvement in a theft at Target. Plaintiff's Original Petition, pages 3-6. Plaintiff brings claims against Defendants for malicious prosecution, false imprisonment, defamation, abuse of process, negligence, and gross negligence. *Id.* at pages 12-14. Plaintiff claims that she sustained the following damages: past and future medical expenses, past and future loss of earning capacity, past and future pain and suffering and mental anguish. She also seeks exemplary damages. *Id.* at page 15.

5. On or about September 9, 2019, Plaintiff commenced a lawsuit in the 127th Judicial District Court of Harris County, Texas, Cause No. 2019-64569, styled *Alaina Villa v. Target Corporation and Elaine Swain*. Target was served on September 25, 2019.

6. The presence of Elaine Swain as a named Defendant fails to prevent removal based on diversity because Ms. Swain was a Target employee in an executive role and thus everything she did is imputed to Target since she was acting within the course and scope of her employment for Target. Thus, the Court should not consider the citizenship of Ms. Swain because Plaintiff has no basis of recovery against her.

## II. Grounds for Removal

7. The Court has jurisdiction over this action under 28 U.S.C. § 1332 because there was and is complete diversity between all real parties in interest and the amount in controversy exceeds $75,000, exclusive of interests and costs.

A. **Complete Diversity of Citizenship Exists Between the Parties.**

8. Plaintiff is a citizen and a resident of Texas. Target is a citizen and a resident of Minnesota. Elaine Swain was improperly joined to this suit and thus the Court should not consider the citizenship of Ms. Swain. Under the doctrine of improper joinder, the Court can disregard the citizenship of a non-diverse defendant for removal purposes when the Plaintiff has no possibility of establishing a cause of action against the non-diverse Defendant. *See Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 571 & n. 1 (5th Cir. 2004).

    i. **Plaintiff has no possibility of establishing a cause of action against Swain.**

9. Plaintiff brings identical causes of action against both Target Corporation and Ms. Swain for malicious prosecution, false imprisonment, defamation, abuse of process, negligence, and gross negligence. All of these causes of action stem from Ms. Swain's performance of her job duties as an Executive Team Leader - Assets Protection. *See* Exhibit "A", Declaration of Elaine Swain. Swain investigated three potential theft incidents and based on her investigation, she reported her findings to the law enforcement. *Id.* Swain was acting in the course and scope of her employment with Target when performing these actions that made the basis of the lawsuit.

    a. **Negligence**

10. Swain cannot be individually liable to Plaintiff for negligence. Texas law is clear that "individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005) (quoting *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996)). Swain

owed no duty to Plaintiff independent of Target's alleged duty. Swain's regular job was that of an Executive Team Leader – Assets Protection and part of her job duties was to investigate potential thefts. *See* Exhibit "A." The allegations against Ms. Swain were within Ms. Swain's duties as an Executive Team Leader – Assets Protection, and did not create an independent duty. *See Tri*, 162 S.W.3d at 562.

### b. Swain is an improperly-joined defendant.

11. "The doctrine of improper joinder . . . entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). "When a defendant removes a case to federal court on a claim of improper joinder [of an in-state defendant], the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper." *Id*. at 576.

12. Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action against the non-diverse defendant in state court. *Id.* at 573 (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

13. Under the second alternative—the one at issue in this case—the test for improper joinder "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* The court must "evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff."

*Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (internal quotation marks omitted).

14. There are two "proper means for predicting whether a plaintiff has a reasonable basis of recovery under state law." *Id.* at 573. The court may conduct a [Fed. R. Civ. P.] 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. *Id.* (footnote omitted). In cases where "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* Although this is a matter for the court's discretion, "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573-74. The court is not permitted to "mov[e] . . . beyond jurisdiction and into a resolution of the merits." *Id.* at 574.

15. Here, Plaintiff has improperly joined a non-diverse defendant, Elaine Swain. As illustrated above, Plaintiff has no possibility of recovery against the non-diverse, defendant, Elaine Swain. Several federal district courts have applied *Leitch* and *Tri* to find improper joinder when a store manager is joined with a corporate defendant in a premises liability case. *Solis v. Wal–Mart Stores E., L.P.*, 617 F.Supp.2d 476, 480 (S.D. Tex. 2008); *Bourne v. Wal–Mart Stores, Inc.*, 582 F.Supp.2d 828, 837 (E.D. Tex. 2008); *McKinney v. Home Depot, USA, Inc.*, 2006 WL 2947324 (N.D. Tex. Oct.13, 2006); Al*len v. Home Depot U.S.A.,* 2004 WL 2270001 (W.D. Tex. 2004); *Kopczynski v. Wal–Mart Stores Texas, L.P.*, No. H–10–4507, 2011 WL

902237 (S.D. Tex. March 14, 2011). Therefore, the parties are completely diverse. See 28 U.S.C. § 1332(a).

16. As demonstrated, there is no reasonable basis of recovery against Ms. Swain. Ms. Swain was improperly joined solely to defeat diversity jurisdiction and, thus, she should be dismissed from this litigation. For these reasons, Defendants submit that the parties are completely diverse. *See* 28 U.S.C. § 1332(a).

**B.** **The Amount in Controversy Exceeds $75,000.00.**

17. It is facially apparent from Plaintiff's petition that Plaintiff is seeking damages in excess of $75,000.00. Plaintiff states in her petition "Plaintiff seeks only monetary relief over ONE MILLION and no/100 dollars…" *See* Petition, page 2. Therefore, it is facially apparent from Plaintiff's petition that the amount in controversy exceeds $75,000.00.

**C.** **Venue is Proper in This Division and in This District.**

18. Plaintiff filed this action in Harris County, Texas. The Houston Division of the Southern District of Texas encompasses Harris County, Texas. Thus, this district and division embrace the place where the state court action is pending. *See* 28 U.S.C. §1441(a).

### III. Procedural Requirements for Removal

19. This Notice of Removal is filed within thirty days of the date on which Defendant Target received the summons and complaint. Thus, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

20. Copies of all processes, pleadings, and orders have been filed separately with this Court. *See* 28 U.S.C. § 1446(a).

21. Pursuant to Local Rule 81 of the Southern District of Texas, the following documents are attached to this Notice of Removal: copy of all processes, attached hereto as

Exhibit "B"; all pleadings and orders signed by the Judge attached hereto as Exhibit "C"; an Index of Matters Being Filed, attached hereto as Exhibit "D"; and a list of all Counsel of Record, including addresses, telephone numbers and parties represented is attached hereto as Exhibit "E".

22. A copy of this Notice of Removal will be filed with the Harris County District Clerk's office promptly and will be served on Plaintiff promptly. *See* 28 U.S.C. § 1446(d); *see also Nixon v. Wheatley*, 368 F. Supp. 2d 635, 640 (E.D. Tex. 2005) (Crone, J).

23. The filing fee has been paid to the Clerk.

### IV. Prayer

24. WHEREFORE, PREMISES CONSIDERED, Defendants Target Corporation and Elaine Swain pray that the above-styled action now pending in the 127th Judicial District Court of Harris County, Texas, be removed to this Honorable Court.

25. This Notice of Removal is filed subject to and without waiver of any defenses or objections to Plaintiff's Original Petition as allowed by the Federal Rules of Civil Procedure or by any applicable law.

Respectfully submitted,

**GERMER PLLC**

By: /s/ Valerie Ly w/ permission
    Troy A. Williams
    State Bar No. 00788678
    Federal I.D. No. 19043
    America Tower
    2929 Allen Parkway, Suite 2900
    Houston, Texas 77019
    Telephone: (713) 650-1313
    Facsimile: (713) 739-7420
    Email: twilliams@germer.com

**LEAD ATTORNEY FOR DEFENDANT TARGET CORPORATION**

**OF COUNSEL:**
Valerie L. Ly
State Bar No. 24053692
Federal I.D. No. 2387134
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
Telephone: (713) 650-1313
Facsimile: (713) 739-7420
Email: vly@germer.com

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing instrument has been duly sent via CM/ECF on October 22, 2019 to all counsel of record, as follows:

Via CM/ECF
Keith Grady
The Grady Law Firm, P.C.
2219 Sawdust Road, Suite 1904
The Woodlands, Texas 77380
Facsimile: (713) 980-5305

                                                  /s/ Troy Williams
                                                  Troy Williams